IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
16 DEC 15 PM 4: 41
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

WHOLE WOMAN'S HEALTH, BROOKSIDE
WOMEN'S MEDICAL CENTER PA d/b/a
Brookside Women's Health Center and Austin
Women's Health Center, DR. LENDOL L. DAVIS,
ALAMO CITY SURGERY CENTER PLLC d/b/a
Alamo Women's Reproductive Services, and NOVA
HEALTH SYSTEMS, INC. d/b/a Reproductive
Services,
                Plaintiffs,

-vs-                                              Case No. A-16-CA-1300-SS

JOHN HELLERSTEDT, M.D., Commissioner of
the Texas Department of State Health Services, in
his official capacity,
                Defendant.

**ORDER**

BE IT REMEMBERED on the 15th day of December 2016, the Court held a hearing in the above-styled cause, and the parties appeared in person and through counsel.

This case features requests for declaratory and injunctive relief enjoining the Commissioner of the Texas Department of State Health Services (DSHS) from enforcing amendments to Title 25 of the Texas Administrative Code §§ 1.132–1.136 (the Amendments).[1] Plaintiffs Whole Woman's Health, Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin

---

[1] Plaintiffs also asked the Court to enjoin enforcement of Title 25 of the Texas Administrative Code § 181.7 (§ 181.7) in cases of abortion. Plaintiffs and the State agreed fetal death certificates would not be applied to abortions. The Amendments explicitly clarify "[t]his subchapter does not require the issuance of a birth or death certificate for the proper disposition of special waste from health care-related facilities." *Id.* § 1.134(a). The State emphasizes "[fetal] death certificates remain a requirement only for 'stillbirth,' and not for induced abortions," and the "proposed rule amendments do not mandate the filing or issuance of death certificates for abortions." Resp. [#17] at 4, 21–22 (citing TEX. HEALTH & SAFETY CODE § 192.0022 and 25 TEX. ADMIN. CODE § 181.7(a)).

Women's Health Center, Dr. Lendol L. Davis, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, and Nova Health Systems, Inc. d/b/a Reproductive Services (Plaintiffs) are health care providers offering a variety of medical care to Texas women. Plaintiffs are suing John Hellerstedt, Commissioner of the Texas Department of State Health Services, in his official capacity (the State).

## Background

### I.     Amendments

DSHS's Amendments to §§ 1.132–1.136 of the Texas Administrative Code change the current rules "concerning the definition, treatment, and disposition of special waste from health care-related facilities" in Texas. 41 Tex. Reg. 9709, 9709 (2016). The proposed Amendments were first published in the *Texas Register* on July 1, 2016. Following a thirty-day comment period and a public hearing, alterations were made and a second version of the proposed Amendments was published. *Id.* at 9724. Another thirty-day comment period and a public hearing ensued. *Id.* On December 9, 2016, the final version of the Amendments, adopted by the Executive Commissioner of the Health and Human Services Commission, on behalf of DSHS, was published. These Amendments are intended to take effect on December 18, 2016. *Id.* at 9709, 9741. This case and the motion for a temporary restraining order, or alternatively a preliminary injunction, were filed on December 12, 2016. Compl. [#1]; Mot. [#6].

Relevant here, the Amendments create a new term, "fetal tissue." Fetal tissue is defined as "a fetus, body parts, organs or other tissue from a pregnancy. This term does not include the umbilical cord, placenta, gestational sac, blood, or bodily fluids." 25 TEX. ADMIN. CODE § 1.132(28) (effective Dec. 18, 2016). Disposition of fetal tissue, regardless of the period of gestation, is then limited to three methods rather than the seven that health-care providers could previously use: interment, incineration


followed by interment, or steam disinfection followed by interment. *Id.* §§ 1.136(a)(4)(A)(v), (a)(4)(B)(i). The Amendments differentiate the disposal of fetal issue from all other human materials removed during surgery, labor and delivery, autopsy, embalming, or biopsy. *See, e.g., id.* § 1.136(4)(A)(i) (allowing seven methods for disposal of "body parts, other than fetal tissue"); § 1.136(4)(A)(ii) (similarly allowing seven methods for disposal of "tissues, other than fetal tissue"); § 1.136(4)(A)(iii) (allowing the same methods for disposal of "organs, other than fetal tissue").

## II.     Texas Context

The recent events forming the basis of this suit cannot be fully understood without briefly addressing Texas's immediate history with abortion regulations. The United States Supreme Court struck down two provisions of Texas's House Bill 2 (HB 2) as violating the Federal Constitution on June 27, 2016. *Whole Woman's Health v. Hellerstedt,* 136 S. Ct. 2292, 2318 (2016). In particular, the Supreme Court invalidated the provisions mandating (1) a physician performing an abortion have admitting privileges at a local hospital no more than 30 miles from that abortion facility and (2) abortion facilities meet minimum standards for ambulatory surgical standards, concluding these provisions imposed undue burdens on a woman's right to seek previability abortions. *Id.* at 2309–2328.

Four days after the Supreme Court issued its decision striking down the two provisions from HB 2, the first draft of the proposed Amendments was published. *See* 41 Tex. Reg. 4772 (July 1, 2016).

## Discussion

Plaintiffs claim the Amendments violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as they infringe on the personal liberty of women by imposing burdensome requirements on miscarriage management, ectopic pregnancy treatment, and abortion. Plaintiffs also argue the Amendments are unconstitutionally vague. As the Amendments take effect

December 18, 2016, Plaintiffs request a temporary restraining order, or alternatively an injunction, to preserve the status quo. The State responds the Amendments do not further an unconstitutional purpose or create an undue burden.

As of the brief December 15, 2016 hearing, held only three days after this case was filed, the Court had been unable to fully review the evidence or the claims of the parties. At the hearing, the State urged the Court to hold a full preliminary injunction hearing as soon as possible. The earliest opportunity for this Court to hold a full hearing to examine the evidence on the changes made by the Amendments and the Amendments' potential effects is January 3, 2016. During the hearing, the State refused to delay implementing the Amendments until the Court had an opportunity to review the pleadings and the evidence. Thus, the Court issues the following orders confirming its oral pronouncement:

IT IS ORDERED that the Amendments to §§ 1.132–1.136 of the Texas Administrative Code shall not be effective until January 6, 2016 or until further ordered; and

IT IS FURTHER ORDERED that Plaintiff's Motion for a Temporary Restraining Order, or Alternatively, a Preliminary Injunction, is SET FOR HEARING on Tuesday, January 3, 2017, at 9:00 a.m. in Courtroom No. 2, the United States Courthouse, 501 West Fifth Street, Austin, Texas.

SIGNED this the __15th__ day of December 2016.

                                       SAM SPARKS
                                       UNITED STATES DISTRICT JUDGE