IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, ET AL., § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> JOHN HELLERSTEDT, M.D., § <br> *Defendant*. § | CIVIL ACTION NO. 1:16-cv-01300-SS |

HELLERSTEDT'S
ADVISORY TO THE COURT REGARDING TEXAS HEALTH & SAFETY CODE CHAPTER 716

The Court requested a response to whether the Department's revised rules at 25 Tex. Admin. Code §§ 1.132-.136 are in conflict with chapter 716 of the Health and Safety Code, and if so, a citation to the authority that allows for such conflict. The Department submits to the Court that the revised rules do not conflict with chapter 716. Chapter 716 applies to "human remains." The disposition of human remains and dead human bodies pursuant to chapters 711 and 716 of the Health and Safety Code and chapter 651 of the Occupations Code is regulated by the Texas Funeral Service Commission. *See* Ex. A, Declaration of Janice McCoy, executive director of the Texas Funeral Service Commission. Those laws do not govern fetal tissue or remains for which no death certificate is required by law, which remain governed by 25 Texas Administrative Code §§ 1.132-.136, along with special waste and other pathological waste. *See* D's Ex. D-12. Thus, chapter 716 does not govern fetal tissue or the final disposition thereof.

The revision to Rule 1.132 amended the definition of "interment" to expressly allow the "scattering of ashes as authorized by law, *unless* prohibited by this subchapter." 25 Tex. Admin. Code § 1.132(33) (emphasis added); *see* D's Ex. D-11 (41 Tex. Reg. 9733-34 (2016)). The preamble to the amended rules sought to clarify, in response to comments, that the Department's rules did not extend the requirements of chapters 711 and 716 to govern fetal remains or tissue. This is true with the exception of the provision in Rule 1.132(33), which simply adopted by reference the places the ashes of fetal remains may be scattered, except insofar as those places conflict with the rule itself. *See* D's Ex. D-11 (41 Tex. Reg. 9710, 9734 (2016)).

So while Rule 1.132(33) chooses to authorize disposition of ashes in a manner authorized for disposition of human remains, the incorporation by reference of "as authorized by law" does not extend to authorizing disposition of fetal remains in a sanitary landfill. The Department's voluntary incorporation of elements of the statute into the Rule, to an extent expressly limited by the requirement of consistency with the Rule, does not obligate the Department to incorporate the statute in its entirety.

The Department further disagrees that § 716.304 of the Health and Safety Code authorizes disposition of human remains (or fetal remains assuming for the sake of argument that that chapter expressly applies to fetal remains) in a sanitary landfill. Chapter 716 contains numerous specific provisions applicable to handling and disposition of cremated humans. Sections 716.302 and .303 authorize placement of ashes, upon approval of an authorizing agent, in a number of different places,

including "a crypt, niche, grave, or scattering area of a dedicated cemetery," along with other enumerated options. The myriad specific requirements applicable to handling cremations and cremated remains listed throughout that statute do not lead to a sound statutory construction that the Legislature intended to include a licensed, regulated, sanitary landfill in the phrase "private property of a consenting owner." Tex. Health & Safety Code § 716.304. "Sanitary landfill" is a defined term in Texas Health and Safety Code § 361.003(32). It is licensed and regulated land limited to a specific use. Reading the use of private property in § 716.304 to include a sanitary landfill would ignore the primary purpose of statutory construction, which is to give effect to the legislature's intent. *City of San Antonio v. Boerne*, 111 S.W.3d 22, 29-30 (Tex. 2003). While the Department has been thus far unable to locate case law interpreting § 716.304, a reading of chapter 716 as a whole does not suggest that "private property" includes a landfill.

## Conclusion

Therefore, while the revised rule does not conflict with chapter 716—because that chapter governs human remains within the jurisdiction of the Funeral Service Commission, and because the rule prohibits "sanitary landfill" as an option for disposition of fetal remains—the Department further submits that chapter 716 does not authorize a person to scatter ashes of human remains in a licensed, regulated, sanitary landfill.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

/s/ John S. Langley
JOHN S. LANGLEY
Assistant Attorney General
Texas Bar No. 11919250

CRAIG M. WARNER
Assistant Attorney General
Texas Bar No. 24084158
BETH KLUSMANN
Assistant Solicitor General
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation
Texas Bar No. 24081854


OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-7935
Facsimile: (512) 320-0167
*John.Langley@oag.texas.gov*

*Attorneys for Defendant*

CERTIFICATE OF FILING AND SERVICE

I certify that on January 4, 2017, this document was served on the following counsel of record through the Court's CM/ECF Document Filing System or through e-mail:

    Patrick J. O'Connell
    LAW OFFICE OF PATRICK J.
    O'CONNELL PLLC
    2525 Wallingwood, Bldg. 14
    Austin, Texas 78746
    pat@pjofca.com

    David Brown
    Stephanie Toti
    Molly Duane
    Center for Reproductive Rights
    199 Water St. 22nd Floor
    New York, NY 10038
    dbrown@reprorights.org
    stoti@reprorights.org
    mduane@reprorights.org

    J. Alexander Lawrence
    Morrison & Foerster LLP
    250 W. 55th Street
    New York, NY 10019
    alawrence@mofo.com

    /s/ John S. Langley
    JOHN S. LANGLEY
    Assistant Attorney General