IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 MAR 16 AM 9:05

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, BROOKSIDE WOMEN'S MEDICAL CENTER PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, DR. LENDOL L. DAVIS, ALAMO CITY SURGERY CENTER PLLC d/b/a Alamo Women's Reproductive Services, and NOVA HEALTH SYSTEMS, INC. d/b/a Reproductive Services,<br>                Plaintiffs, | |
| -vs- | Case No. A-16-CA-1300-SS |
| JOHN HELLERSTEDT, M.D., Commissioner of the Texas Department of State Health Services, in his official capacity,<br>                Defendant. | |

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant's Motion to Stay [#57] and Plaintiffs' Response [#63] in opposition. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion.

#### Background

This case involves claims by Plaintiffs, healthcare providers offering a variety of medical care to Texas women, that Texas's new rules for the disposal of fetal tissue violate the Fourteenth Amendment of the United States Constitution, as interpreted by the United States Supreme Court.



On December 9, 2016, amendments to Title 25 of the Texas Administrative Code §§ 1.132–1.136 (the Amendments) were published. 41 Tex. Reg. 9709, 9709 (Dec. 9, 2016). The Amendments change the rules "concerning the definition, treatment, and disposition of special waste from health care-related facilities" in Texas and were intended to take effect on December 18, 2016. *Id.* at 9709, 9741. Most significantly, the Amendments create a new term, "fetal tissue," and restrict the methods for fetal tissue disposal. *Id.* at 9733, 9738–39.

After holding a two-day evidentiary hearing, this Court entered a preliminary injunction order prohibiting the Amendments from taking effect. Ord. of Jan 27, 2017 [#49]. Finding Plaintiffs met their burden on the elements for a preliminary injunction, the Court sought to preserve its ability to render a meaningful decision on the merits. *Id.* at 23.

Subsequently, Defendant appealed the preliminary injunction to the United States Court of Appeals for the Fifth Circuit. Notice of Appeal [#56]. Defendant also filed a motion to stay the proceedings in this case pending resolution of the appeal. Mot. Stay [#57], which the Court now reviews.

## Analysis

I.     **Legal Standard**

A district court has inherent authority to manage its docket, which includes the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party moving for a stay bears a "heavy burden" to demonstrate that a stay is appropriate. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n. 6 (5th Cir.1985) "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.*

In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasy v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014). The first two factors of the traditional standard are the most critical. *Id.*

Yet, "where there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits." *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011).

## II. Application

Here, the Court finds that "serious legal question[s]" are involved and the balance of equities heavily favors a stay." *See Weingarten Realty Inv'rs*, 661 F.3d at 910. Thus, the Court stays the case pending the Fifth Circuit's resolution of the Defendant's interlocutory appeal on the preliminary injunction.

As this Court answered questions of law in its order granting the preliminary injunction that will likely impact litigation of the case's merits, a stay pending a decision from the Court of Appeals for the Fifth Circuit is necessary. For example, a significant legal question concerns the correct standard to be applied in evaluating the Amendments' effect on abortion access. *See* Ord. of Jan. 27, 2017 [#49] at 14–15. Other questions include whether the Amendments further a valid state interest and, if they do further a valid interest, how that interest is evaluated against the individual's right to define her own concept of the mystery of human life. *Id.* at 17–21 (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 851(1992)).

Additionally, the balance of equities favors a stay. How the Court of Appeals for the Fifth Circuit answers the significant legal questions of this case will likely alter upcoming proceedings. Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources. There is also no indication a stay would injure either of the parties. Significantly, Plaintiffs do not argue any discovery will be inhibited or prevented if this case is stayed. In fact, Plaintiffs argued the opposite, that little additional discovery is necessary. *See* Pls.' Rule 16(C) Notice [#60] at 2 ("A significant record had already been developed in this case . . . . Plaintiffs and Defendants alike have had an opportunity to present evidence . . . of the kind and nature that they will present a trial."). Thus, the Court finds equitable factors weigh in favor of granting the stay.

## Conclusion

Because the Court finds the preliminary injunction in this case involves serious legal questions and the equities heavily favor a stay, the Court GRANTS Defendant's motion to stay this case. Accordingly,

IT IS ORDERED that Defendant's Motion to Stay [#57] is GRANTED;

IT IS FURTHER ORDERED that this case is STAYED pending a decision from the Court of Appeals for the Fifth Circuit concerning this Court's grant of a preliminary injunction on January 27, 2017; and

IT IS FINALLY ORDERED that the parties in this cause shall file a pleading every ninety (90) days from the entry of this order as to the status of the case on appeal.

SIGNED this the 15 day of March 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE