

July 19, 2017

The Honorable Sam Sparks
U.S. District Court for the Western District of Texas, Austin Division
501 West 5th Street Suite 1100
Austin, Texas 78701

   Re: *Whole Woman's Health v. Hellerstedt*, No. 1:16-cv-01300-SS

Dear Judge Sparks:

  Pursuant to this Court's June 30, 2017 Order, I write to address: "(1) this Court's authority to proceed in light of the pending appeal of the preliminary injunction and the Fifth Circuit Court of Appeals order denying the motion to dismiss the appeal and denying the motion to expedite oral argument; and (2) this Court's jurisdiction to evaluate claims against Texas Senate Bill 8 before it takes effect and before the new regulations regarding the disposal of fetal tissue are adopted." (ECF No. 76).

### I. Case History

  Plaintiffs are challenging amendments to Texas regulations governing the disposal of embryonic and fetal tissue by healthcare facilities (the "Amendments"), 25 Tex. Admin. Code §§ 1.131–1.137 (ECF No. 49 at 7), which this Court has preliminarily enjoined (ECF No. 49–50). Defendant has filed a notice of appeal from the preliminary injunction (ECF No. 56), and this Court has stayed proceedings pending appeal, on the grounds that it would be better to allow "serious legal questions" impacting the litigation of the case's merits to be answered by the Court of Appeals before proceeding (ECF No. 66 at 1–4). Briefing in the Court of Appeals will close July 20. Argument, which is generally scheduled at least 60 days later, has not been set.

  Subsequent to Defendant's appeal, Texas enacted Senate Bill 8 ("SB 8"), which, among other things, regulates "embryonic and fetal tissue remains" in a manner different from, and inconsistent with, the Amendments. (ECF No. 70 at 3–4). SB 8 operates directly upon Plaintiffs (ECF No. 70, Ex. A at 15 ("[A] health care facility in this state that provides health or medical care to a pregnant woman *shall* dispose of embryonic and fetal tissue remains that are passed or delivered at the facility by . . . interment . . . [or] cremation . . . ." (emphasis added))), and also requires Defendant to repeal and replace the Amendments, (*id.* at 17 ("The executive commissioner shall adopt rules to implement this chapter.")). SB 8's provisions take effect at various times between September 1, 2017, and February 1, 2018. (*Id.* at 23–24). Plaintiffs seek to lift the stay and supplement their complaint, *see* Fed. R. Civ. P. 15(d), to include a challenge to SB 8. Because neither the stay nor Plaintiffs' (not-yet-filed) challenge to SB 8 are the subject of Defendant's interlocutory appeal, the Court has jurisdiction over both.

## II.     The Court Has Authority to Proceed.

As this Court has ruled in the past, an "interlocutory appeal stays further proceedings regarding the preliminary injunction but does not halt the progress of the case in any other respect." *Chase Home Fin. LLC v. KWI Commc'ns, LLC*, Case No. A-07-CA-1070-SS, 2008 WL 11333917, at *1 n.1 (W.D. Tex. Apr. 25, 2008) (Sparks, J.); *see also, e.g.*, *Alice L. ex rel. R.L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (per curiam) (holding appeal of qualified immunity issue did not divest district court of jurisdiction to proceed on "legally distinct" issues); *Ry. Labor Execs.' Ass'n v. City of Galveston* 898 F.2d 481, 481 (5th Cir. 1990); *Hamer v. Campbell*, 358 F.2d 215, 223, 223 n.24 (5th Cir. 1966); 16 Fed. Prac. & Proc. Juris. ("Wright & Miller") § 3921.2 (3d ed.) ("Ordinarily an interlocutory injunction appeal under § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case."). A court retains the entirety of its authority to act—from deciding discovery matters and summary judgment motions to entering a final injunction, *see* 16 *Wright & Miller* § 3921.2—other than to "alter the status of the case as it rests before the Court of Appeals," *see Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993) (affirming district court had authority to grant summary judgment while appeal from preliminary injunction was pending).

Here, no party has appealed from the stay, so the Court retains jurisdiction over it. This was the precise issue in *Lopez v. Vaquera*, EP-12-CV-00427-DCG, 2013 WL 12098743, at *1–2 (W.D. Tex. Sept. 11, 2013), where the court, properly noting "the appeal does not involve the Court's order granting a stay pending appeal," lifted a stay pending appeal from a preliminary injunction. Just as a district court may order a stay pending appeal, so may it lift one. *See id.* at *3.

Likewise, the pending appeal does not encompass a challenge to SB 8 (nor could it), and so this Court retains jurisdiction to entertain Plaintiffs' challenge to it. The Court's preliminary injunction of the *Amendments* is the only issue on appeal, and so the appeal does not deprive this Court of jurisdiction to consider the "legally distinct" matter of *SB 8*. The Fifth Circuit decided this precise issue in *Hamer*. There, the plaintiffs had appealed from the denial of a motion to preliminarily enjoin an unconstitutional municipal election; while the appeal was pending, they also filed a supplemental complaint, encompassing additional municipalities. 358 F.2d at 223. The defendant argued the district court had no jurisdiction over the matters encompassed in the supplemental complaint, but the Fifth Circuit disagreed, ruling that because "the denial of the preliminary injunction . . . was not a final judgment, and the appeal filed . . . was an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) . . . [it] did not divest the District Court of jurisdiction of the supplemental complaint." *Id*.

Plaintiffs seek only to pursue preliminary relief from SB 8 in the most efficient manner. Because a challenge to SB 8 would involve overlapping facts and the same legal standard as the challenge to the Amendments, efficiency suggests considering them together—and doing so far enough in advance of SB 8's effective date that rushed preliminary injunction proceedings will be unnecessary. If it is the Court's preference, Plaintiffs will file a new case, rather than a supplemental complaint. But for the foregoing reasons, the Court has jurisdiction to entertain their motion to lift the stay and allow them to file their supplemental complaint and proceed here.

### III.    The Court Has Jurisdiction Now.

SB 8 itself directly operates on Plaintiffs. Defendant cannot through rulemaking dispense with SB 8's requirement that "a health care facility in this state that provides health or medical care to a pregnant woman shall dispose of embryonic and fetal tissue remains that are passed or delivered at the facility by . . . interment [or] . . . cremation." (ECF No. 70, Ex. A at 15). Thus, Plaintiffs' pre-enforcement challenge to that requirement need not await rulemaking.

This Court has already found that pre-enforcement review is proper where injury would occur immediately on a challenged law's taking effect. (*See* ECF No. 49 at 22). This is consistent with well-established Supreme Court precedent. *See, e.g.*, *Steffel v. Thompson*, 415 U.S. 452, 458–59 (1974) (finding a plaintiff need not "first expose himself to actual . . . prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights" to satisfy the standing requirements of Article III of the United States Constitution); *accord Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342–43 (2014) (reviewing cases).

A challenge to a statute while rulemaking is pending is ripe where the statute itself imposes harms. *See Gov't Suppliers Consolidating Servs., Inc. v. Bayh*, 975 F.2d 1267, 1275 (7th Cir. 1992) (finding challenge to statute ripe where implementing regulations had not been written or adopted); *see also Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 263 (6th Cir. 2009) (en banc) (finding same where issue was "not dependent on . . . further administrative action"); *cf. Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) (finding challenge to rules was ripe where agency interpretation "would be useful . . . [but] resolution . . . need not await that development"). Where statutory requirements are clear, "[t]here is no need to wait for regulations." *Gov't Suppliers Consolidating Servs., Inc.*, 975 F.2d at 1276; *cf. Pierce v. Soc'y of the Sisters*, 268 U.S. 510, 536 (1925) (finding challenge ripe where injury would be irreparable if relief was not possible prior to statute's effective date); *Whole Woman's Health v. Cole*, 790 F.3d 563, 592 (5th Cir.) ("A challenge to a rule or statute may be ripe for adjudication on the question of facial constitutionality and yet not be ripe for adjudication on the question of constitutionality as applied." (citation and internal punctuation omitted) (reviewing cases)), *modified*, 790 F.3d 598 (5th Cir. 2015), *rev'd on other grounds*, 136 S. Ct. 2292 (2016).

SB 8 directly regulates Plaintiffs' conduct, *see supra*, and the resulting harms are reviewable now, *see* ECF. No. 49 at 18–21 (reviewing same harms from Amendments). Further, "advance planning" to comply with future requirements can itself constitute a hardship, as *Government Suppliers* recognized, 975 F.2d at 1275; *see also Sch. Dist. of City of Pontiac*, 584 F.3d at 263. Plaintiffs seek relief from the constitutional violations imposed by SB 8 itself. This Court need not await rulemaking, nor Defendant's enforcement, to hear that challenge.

                                               Respectfully submitted,

                                               */s/ David Brown*
                                               David Brown
                                               Attorney for Plaintiffs

cc:       All counsel of record *(via ECF)*

**CERTIFICATE OF SERVICE**

    I certify that on this 19th day of July, 2017, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                                                                       */s/ David Brown*
                                                                       David Brown