

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

July 26, 2017

The Honorable Sam Sparks
U.S. District Court for the Western District of Texas, Austin Division
501 West 5th Street, Suite 1100
Austin, Texas 78701

     RE:    *Whole Woman's Health v. Hellerstedt;* No.1:16-cv-01300-SS

Judge Sparks:

     Plaintiffs argue that their claims against the fetal disposition provisions of Senate Bill 8 are "legally distinct" from their challenge to the fetal disposition provisions in the Texas Administrative Code. *See* July 19, 2017 Letter at 2 [ECF No. 77]. Yet in the very next paragraph, they claim that their proposed challenge to Senate Bill 8 "would involve overlapping facts and the same legal standard." *Id.* That proves why this Court should not reconsider its decision to let the Fifth Circuit Court of Appeals rule on the controlling legal questions before proceeding any further.

     The Court stayed this case pending the interlocutory appeal of the Preliminary Injunction, finding that appellate review of the "significant legal questions of this case will likely alter upcoming proceedings." *See* March 16, 2017 Order at 4 [ECF No. 66]. Those significant legal questions are now fully briefed to the Fifth Circuit. And the upcoming proceedings altered by the Fifth Circuit's ruling include not only the rule challenge currently in front of this Court, but Plaintiffs' proposed challenge to the fetal disposition provisions of Senate Bill 8 as well. The reason for the stay exists today just as it did when the Court first granted the stay.

     Likewise, there continues to be "no indication a stay would injure either of the parties." *Id*. The provisions in Senate Bill 8 that apply to the disposition of fetal remains do not take effect until February 1, 2018. So any attempt to seek preliminary injunctive relief against those portions of Senate Bill 8 can likely wait for a ruling from the Fifth Circuit.

     Moreover, even using Plaintiffs' legal test that balances benefits and burdens, any ruling on the fetal disposition portions of Senate Bill 8 would be premature. Senate Bill 8 creates new processes, including a Burial or Cremation Assistance Registry (§ 697.005) and an Ethical Fetal Remains Grant Program (§ 697.006) that will assist with the costs of disposition. How these new processes, and others, are set up, implemented, operated, maintained, and funded will largely be described in administrative rules yet to be written. Thus, any potential burdens and benefits created by those provisions of Senate Bill 8 will be unknown until the rules are finalized, the deadline for which is December 1, 2017. Until those rules are written and the Fifth Circuit decides which legal standard should be applied, there is no reason to lift the stay.

Plaintiffs have not—and cannot—explain to this Court why it should revisit its decision to stay this case. The Fifth Circuit will rule on significant legal issues that will likely alter any challenge to both the rule amendments currently in front of the Court and any potential challenge to the fetal disposition provisions of Senate Bill 8. Plaintiffs' motion to lift the stay should be denied.

Sincerely,

*/s/ John S. Langley*
John S. Langley

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2017 a true and complete copy of the above and foregoing document was served on the following via the Court's CM/ECF system and/or by electronic mail:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
pat@pjofca.com

David Brown
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
dbrown@reprorights.org
mduane@reprorights.org

Stephanie Toti
LAW OFFICE OF STEPHANIE TOTI
88 Atlantic Ave., Ste. 1B
Brooklyn, NY 11201
Stephanie_toti@outlook.com

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
alawrence@mofo.com

*/s/ John S. Langley*
JOHN S. LANGLEY
Assistant Attorney General