# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al. | § § | |
| **Plaintiff** | § § | |
| | § | Civil Action |
| v. | § | Number-    1:16-cv-01300-DAE-AWA |
| | § | |
| CHARLES SMITH | § § | |
| **Defendant** | § | |

## TEXAS CATHOLIC CONFERENCE OF BISHOPS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

TO THE HONORABLE MAGISTRATE JUDGE ANDREW W. AUSTIN:[1]

The Texas Catholic Conference of Bishops ("TCCB") files this Motion to Quash and for Protective Order, (the "Motion"). In support of its Motion, the Catholic Conference of Bishops state as follows:

1.   The TCCB is an ecclesiastical consultative association that furthers the religious ministry of the Roman Catholic bishops and archbishops in the state of Texas. It was created in 1965 by the then presiding bishops and archbishop in Texas, based on the magisterial teachings flowing from Vatican II. The TCCB advocates for the social, moral, and institutional concerns of the Catholic Church in the State of Texas.

2.   On March 21, 2018, Plaintiffs' counsel J. Alexander Lawrence with Morrison & Forester, LLP served TCCB with the subpoena attached as Exhibit A ("Subpoena"). The Subpoena

---

[1] On January 29, 2018, United States District Judge David Ezra referred all non-dispositive discovery matters to Magistrate Judge Austin

requires the production of documents, information or objects or to permit inspection of premises by April 3, 2018, at 9:00 am.

3.  The Subpoena is not limited at all as to time or place. Conceivably, the request could extend to documents dating back to the establishment of the TCCB in 1965.

**OBJECTIONS**

4.  TCCB objects to, and moves to quash the Subpoena and for protection, on the following grounds:

   a.  **Objection- Improper Definitions and Instructions.**

   - The TCCB objects to the definitions of "Act" and "Amendments" which amount only to references to legislation enacted by the State of Texas, but are otherwise unbounded. The Definition of "Act" makes reference to 9 separate sections of the Texas Health and Safety Code, which in turn, make reference to at least 3 other chapters of the Texas Health and Safety Code, the Texas Occupations Code, and the Texas Administrative Code. The subject matters covered by the 9 sections of the Chapter 697 of the Texas Health and Safety Code include such topics as the State's declared purpose for the legislation, the separate definitions applied to the legislation, the disposition of embryonic and fetal tissue remains, the coordination between the State, healthcare providers and facilities, and funeral homes and cemeteries regarding costs of cremation or internment of embryonic and fetal tissue remains, the consequences of civil penalties and licensure suspension or revocation for violations thereof, and the adoption of implementation rules. As such, the Definition of the Act is overly broad and ambiguous.

- The Subpoena contains definitions and instructions that improperly expand upon the definitions contained in the Federal Rules of Civil Procedure ("FRCP") and the Western District of Texas local rules (the "Local Rules") for the definitions of "Employee" and "Document."  *See* Exhibit A at Definitions, ¶¶ 7, 8.  TCCB objects to these overly-expansive definitions, and will only agree to be bound by the definitions contained in the FRCP and the Local Rules.  Further, unless an individual's associations are obvious and known to the TCCB, it is impossible for TCCB to comply with the definition of "Employee."  Likewise, the Subpoena Instruction ¶9 purports to require TCCB to expand its response to include "those Documents available upon [TCCB's] request" thereby purporting to obligate TCCB to make such requests.

- TCCB also objects to Plaintiff's attempt at requiring a continuing discovery obligation on TCCB which is a non-party (Exhibit A at Instructions, ¶10).  However, if after responding to a properly narrowed and tailored subpoena, and TCCB thereafter obtains documents that are responsive, TCCB will notify the parties.

- TCCB further objects to Plaintiff's Instruction that TCCB be required to explain any non-production of documents, or why a document is incomplete.  Exhibit A at Instructions, ¶ 11.  Such explanation is not required by the FRCP or the Local Rules.  If required by the Court after considering this Motion, TCCB will produce documents as they are kept in the ordinary course of business.  *See* FRCP 45 (e)(1)(A).

- TCCB further objects to being required to produce documents that are not responsive to a request. Exhibit A at Instructions ¶12. This is far beyond the scope of the FRCP. *See* Rule 26(a).

- TCCB objects to Plaintiff's overly-expansive requirements for a privilege log. Exhibit A at Instructions ¶ 14.  This "requirement" also exceeds the scope of the FRCP and the Local Rules.

- TCCB objects to the expansive electronic data instructions contained in the Subpoena (Exhibit A at Instructions ¶¶ 15, 16, 17, 18, 19, 20, and 21), which requires production of documents in numerous different forms; requires Plaintiff's unilaterally imposed identification protocols; requires TCCB to identify persons and devices where the document are found; requires TCCB to reference parent documents; requires electronic documents to be produced with new and additional terms; requires TCCB to change electronic documents; requires TCCB to OCR all documents; and requires TCCB to provide expansive identification information. These requirements exceed the scope of the FRCP and Local Rules.  If required by the Court after considering this Motion, TCCB will produce documents (in response to a properly narrowed and tailored request) in accordance with the FRCP and Local Rules.

    **b.**   **Objection- Inadequate Time to Respond.**  The Subpoena fails to give TCCB adequate time to respond.  The subpoena was received on the morning of Wednesday, March 21, 2018, allowing only 12 days to comply with an expansive, overbroad request.  These 12 days include two weekends (including Easter Sunday) and the religious holidays of Holy Thursday and Good Friday.  In addition, the TCCB is closed on April 2, 2018, the day after Easter

Sunday. Therefore, the TCCB only has five business days (three of which are during the week of Holy Week, the most important week of the liturgical year in the Roman Catholic Church) to respond to this expansive request for documents. In addition, the semi-annual meeting of the TCCB with all bishops and archbishops (23 in total) in San Antonio, Texas in the State of Texas is occurring on April 15, 2018 and requiring the TCCB, with its limited staff, to respond before then to the Subpoena will adversely impact the TCCB's ability to be ready for the meeting.

      c.    **Objection- Overbroad.**   Defendant objects to this discovery request because it is overly broad, and not reasonably limited as to time and scope. Request no. 1 is not limited at all as to time, and conceivably could require TCCB to search for documents dating back to 1965, when TCCB was formed, in a lawsuit relating to a law passed by the Texas Legislature in 2016. Further, Request No. 2 is not limited at all regarding subject matter, asking simply for, "All documents concerning communications" between TCCB and various Texas governmental entities. TCCB advocates on many different issues that have nothing to do with the legislation made the basis of this lawsuit and with persons and entities not a party to this lawsuit. Requests nos. 1 and 2 are hopelessly overbroad, and must be narrowed in scope and time period.

      d.    **Objection- Attorney Client Privilege/Work Product.**   If read and interpreted in its broadest possible manner, as demanded by the Definitions and Instructions, the Subpoena with regard to all three requests invades the TCCB's legal privileges associated with the right to confer with its counsel and the attorney work product doctrine.

      e.    **Objection- Relevance.**   TCCB objects to the Subpoena because it seeks information and/or documents that are completely irrelevant to the issues in this case, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

> **i.** Plaintiff's requests nos. 1 and 2 are not limited (or even related) to the underlying legislation made the basis of this lawsuit.
>
> **ii.** Request no. 1 is not limited to communications between TCCB and persons or departments of the executive and legislative branches of the Texas government.  As requested, Request no. 1 includes information and documents internal to the TCCB and also with persons not parties to the underlying lawsuit.
>
> **iii.** Request No. 1 is also vague and ambiguous as it relates to "EFTR, miscarriage, or abortion" insofar as these are three broad subjects with multiple discrete facets including matters that are irrelevant and unrelated to the discrete issues before the Court and render the Request not relevant and not proportional to the needs of the case.
>
> **iv.** Request no. 2 is not limited to the issues in this lawsuit.  It involves all communications between the TCCB and employees and former employees (assuming while they were still employees) of DSHS, HHSC, the Office of the Governor of Texas, the Office of the Attorney General of Texas and any member of the Texas Legislature, on any and every topic whatsoever.  The TCCB  advocates for the bishops and archbishops on a range of issues, including but not limited to disaster relief (e.g., Hurricane Harvey), pay day loans, family matters, foster care, adoption, living wills, hospitals, immigration, criminal matters, education, school choice, conscience protections, criminal justice reforms,  healthcare, human trafficking, and the environment, just to

        name a few. These issues have no relevance to this lawsuit and even if relevant, are not proportional to the needs of the case.

    **v.** Request no. 3 is also not properly limited to relevant information proportional to the needs of the case. If the TCCB has internal documents on the subjects related to the request, or communicated with non-governmental entities regarding "the Act, the Amendments, or this lawsuit," those documents have no bearing on whether the underlying legislation and it being approved and implemented.

    **f.** **<u>Objection: Violation of the Constitution (both Texas and Federal).</u>**

Subject to the foregoing objections, TCCB also objects to the Subpoena because it violates its First Amendment of the United States Constitution and the Texas Constitution. The Subpoena is so expansive that it includes internal deliberations and communications of the Texas bishops and archbishops and the staff at the TCCB (collectively the "Bishops"). The internal documents and communications of the TCCB are protected religious speech, private in nature and solely directed at meeting the Bishops' religious mission in the State of Texas. The method and means of how the Bishops deliberate and determine how they are going to advance that mission in the public square is protected under the First Amendment of the United States Constitution, the religious freedom clause of the Texas Constitution, and the Religious Freedom Restoration Act, 42 U.S.C. §2000bb (Supp. IV 1994). See e.g. *NRLB v. Catholic Bishop*, 440 U.W. 490, 502 (1979)(process of inquiry leading to findings and conclusions violates religious clauses of United States Constitution). Further, the TCCB objects to the Subpoena in that interferes with the TCCB's right to the free exercise and practice of religious beliefs, the constitutional freedoms of speech and peaceable assembly, and to petition the government for redress of grievances.

     **g.**  **Objection- Harassing and Unduly Burdensome.**  The Plaintiff has an obligation under the Federal Rules of Civil Procedure to tailor discovery that does not impose an undue burden and expense on the recipient of the subpoena. Fed. R. Civ. P. 45(d)(1). Plaintiff's Subpoena is harassing in nature and unduly burdensome; and if TCCB were forced to comply with it, the expense would be enormous. Plaintiff has taken no steps to limit the discovery to a time period relevant to the issues in the case and further has failed to limit the scope of the request to anything remotely related to the legislation. In the affidavit attached as Exhibit B, Mrs. Jennifer Allmon details the extensive work that will be required to respond to the Plaintiff's Subpoena. As the custodian of the Roman Catholic archives, the TCCB has voluminous records that will need to be analyzed to respond to the subpoena. The work and expense it would take TCCB to respond to the Subpoena are nothing short of extraordinary. Mrs. Allmon estimates it will take more than 25 years for one full time person to perform the task at a cost to TCCB of $1,258,000.

     **h.**  **MOTION TO QUASH AND FOR PROTECTIVE ORDER**

  5. As detailed above, TCCB requests this Court quash the Subpoena and grant protection to TCCB for the following reasons: (i) the Subpoena fails to give TCCB adequate time to respond; (ii) the Subpoena is over broad and unduly burdensome; (iii) the Subpoena is not limited in time or scope to the legislation subject to the underlying litigation; (iv) the Subpoena requests information that is irrelevant and not proportional to the needs of the case; and (v) the Subpoena requests information and documents in violation of the TCCB's constitutional rights to freedom of religion by seeking information about the internal deliberative process of the Bishops in their pursuit of their religious mission in the public square.

6.	This Court should also quash the subpoena because the Plaintiff failed to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure by failing to limit its discovery to matters that do not cause undue burden and expense to the recipient of the Subpoena.

WHEREFORE, the Texas Conference of Catholic Bishops requests that the Court sustain TCCB's objections to the Subpoena, and if necessary issue an order either narrowing the scope of the Subpoena or requiring Plaintiff to narrow the scope, and granting TCCB any further protection to which it may be entitled. TCCB also requests the Court award TCCB its reasonable and necessary attorney's fees incurred in the filing and prosecution of this Motion.

Respectfully submitted,

**LEVATINO | PACE PLLC**
1101 S. Capital of Texas Hwy.
Building K, Suite 125
Austin, Texas  78746
(512) 637-1581
(512) 637-1583 (Fax)

By: _____
Steven C. Levatino
State Bar No. 12245250
steven@lpfirm.com
Andrew F. MacRae
State Bar No. 00784510
andrew@lpfirm.com

**ATTORNEYS FOR TEXAS CATHOLIC CONFERENCE OF BISHOPS**

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 2, 2018, I served the foregoing pleading, via the Court's CM/ECF system to all parties registered to receive such notice.

                       Steven C. Levatino